UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

MICHAEL FAGAN,

                               **No. 1:13-CV-01099 (MAT)**

                Petitioner,   **DECISION AND ORDER**

      -vs-

COMMISSIONER ANTHONY ANNUCCI,

                Respondent.
_____

## I. Introduction

Michael Fagan ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered June 23, 2008, in Monroe County Court (Geraci, J.), following a jury trial convicting him of two counts of criminal possession of a controlled substance in the third degree (N.Y. Penal Law § 229.16(1), (12)) and one count of resisting arrest (N.Y. Penal Law § 205.30). On June 23, 2008, petitioner was sentenced, as a second felony drug offender, to a determinate aggregate prison term of eight years with two years post-release supervision.

## II. Factual Background and Procedural History

The evidence at trial established that plaintiff was stopped by patrol officers for a window tint violation. Petitioner, who did not have a valid drivers license, was asked to step out of the vehicle, after which a plastic bag of cocaine dropped from his left pang leg. In the course of his arest, petitioner struck Officer Gabriel Person and ran approximately 10 feet before being apprehended. Petitioner was convicted as outlined above.

Petitioner filed a direct counseled appeal to the New York State Supreme Court, Appellate Division, Fourth Department, in which he argued that (1) he was seized and searched without probable cause; (2) the trial judge erred in denying petitioner's request to adjourn the trial for petitioner to retain new counsel; and (3) the sentence was unduly harsh and severe. On September 28, 2012, the Fourth Department unanimously affirmed petitioner's judgment of conviction. See People v. Fagan, 98 A.D.3d 1270 (4th Dep't 2012), lv. denied, 20 N.Y.3d 1061 (2013). The Fourth Department rejected petitioner's Fourth Amendment argument, finding that police officers lawfully stopped petitioner's vehicle for a window tint violation, and subsequently "lawfully directed [him] to exit the vehicle." Id. at 1271. The Court also rejected petitioner's contention regarding the trial judge's refusal to grant his request for an adjournment for new counsel. Id. at 1272. Specifically, the court found that although petitioner argued that the trial judge "mistakenly believed that he was bound by the prior ruling denying his request," the Fourth Department "'[did] not read any of the language employed by the court as meaning it misapprehended or failed to exercise its discretion' in denying that request[.]" Id.

The instant petition contends that (1) petitioner was seized and searched without probable cause; (2) the trial judge erred in denying petitioner's request to adjourn the trial for petitioner to retain new counsel. For the reasons discussed below, the petition is dismissed.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.   Fourth Amendment Claim**

Petitioner's Fourth Amendment claim is barred from habeas review by Stone v. Powell, 428 U.S. 465 (1976). "Where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494 (footnotes omitted). The Second Circuit has noted that Stone requires only that "the state . . . provided the opportunity to the state prisoner for full and fair litigation of the Fourth

Amendment claim." Gates v. Henderson, 568 F.2d 830, 839 (2d Cir. 1977) (en banc), cert. denied, 434 U.S. 1038 (1978). A federal court may undertake habeas review only in one of two instances: (1) "if the state provides no corrective procedures at all to redress Fourth Amendment violations," or (2) if "the state provides the process but in fact the defendant is precluded from utilizing it by reason of an unconscionable breakdown in that process. . . ." Id. at 840. Neither of those circumstances apply here. Accordingly, this claim is dismissed.

### B.  Request for Adjournment to Retain New Trial Counsel

Petitioner contends that the trial judge improperly failed to exercise his discretion in refusing petitioner's motion for a continuance to retain new trial counsel. The Fourth Department's rejection of this claim was not contrary to, nor an unreasonable application of, relevant Supreme Court precedent. "Since the Constitution nowhere specifies any period which must intervene between the required appointment of counsel and trial, the fact, standing alone, that a continuance has been denied, does not constitute a denial of the constitutional right to assistance of counsel. . . . Disposition of a request for continuance is of this nature and is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed." Avery v. State of Alabama, 308 U.S. 444, 446 (1940); Grotto v. Herbert, 316 F.3d 198, 206 (2d Cir. 2003) (citing Morris v. Slappy, 461 U.S. 1, 11 ("Trial judges necessarily require a great deal of latitude in

4

scheduling trials. . . . [B]road discretion must be granted trial courts on matters of continuances[.]")). The Fourth Department reasonably concluded, from the trial record, that the trial judge in this case exercised his sound discretion in denying petitioner's motion for a continuance. This claim is thus dismissed.

**VI. Conclusion**

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: May 1, 2017
Rochester, New York.